UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


CARLOS A. JONES                          :          CIVIL ACTION NO. 2:14-cv-874
    BOP #06107-017                                          SECTION P

VERSUS                                   :          JUDGE MINALDI


WARDEN MAIORANA                          :          MAGISTRATE JUDGE KAY


## REPORT AND RECOMMENDATION


Before the court is the *habeas corpus* petition filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Carlos Jones.  Jones is an inmate in the custody of the Federal Bureau of Prisons (hereinafter "BOP"); he is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana (hereinafter "FCIO").

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### I.
### Background

Following a guilty plea on drug related charges, Jones was sentenced on October 4, 2005, in the United States District Court for the Northern District of Florida to 290 months imprisonment followed by eight years of supervised release.  Doc. 1, pp. 1, 2; *United States v. Jones*, 3:05-cr-44 (U.S.D.C., N.D. Fla.).  Jones filed a *habeas corpus* petition pursuant to 28 U.S.C. § 2255 in the sentencing court which was denied on January 23, 2007.  *Id*.  Jones filed another § 2255 petition on April 21, 2014, which was dismissed as second and successive.  *Id*.

On April 24, 2014, Jones filed the current *habeas corpus* petition pursuant to 28 U.S.C. § 2241 in which he claims that (1) he is actually innocence of the § 851 enhancement in light of *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013), and (2) the court's use of his prior conviction violates *Descamps v. United States*, 133 S.Ct. 2276, 186 L.Ed. 2d 438 (2013). Doc. 1, pp. 4, 5.

## II.
## Law and Analysis

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, Jones collaterally attacks his incarceration arguing errors with regard to his federal conviction and challenges the sentence imposed, not the execution of his sentence. Therefore, his claim should be advanced in a § 2255 motion to vacate.

Prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255

motion.  *Reyes-Requena*, 243 F.3d at 904.  Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  The fact that a prior § 2255 motion was unsuccessful or that the petitioner is unable to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective.  *Id.*

Jones does not satisfy the criteria set forth above.  Relying on *Moncrieffe, supra,* he argues that his sentence was wrongfully enhanced because his prior state conviction did not require the *mens rea* element whereas the Controlled Substance Act does.  Jones' reliance on this case is misplaced.  In *Moncrieffe*, the Supreme Court addressed whether or not a state court conviction for possession of marijuana with the intent to distribute constituted an aggravated felony for drug trafficking under the Immigration and Nationality Act.  This case is clearly not relevant to Jones' argument.

Jones' reliance on *Descamps* is likewise misplaced because the Supreme Court has not made *Descamps* retroactively applicable on collateral review.  The Supreme Court has unequivocally stated "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).[1]  The Supreme Court has not declared any of the cases cited by Jones to be retroactively applicable on collateral review.

---

[1] *See also Randolph v. United States*, 2013 WL 5960881 (D. Md. Nov. 6, 2013) ("The Supreme Court has not, however, indicated that *Descamps* applies retroactively to cases on collateral appeal, and this court is not aware of any circuit court opinion so holding."); *Roscoe v. United States*, 2013 WL 5636686 (N.D. Ala. Oct. 16, 2013) (noting the Supreme Court has not made *Descamps* retroactively applicable on collateral review); *Strickland v. English*, 2013 WL 4502302 (N.D. Fla. Aug. 22, 2013) (finding that "*Descamps* does not open the § 2241 portal" to review the claim under the savings clause).

## III.
## Conclusion

Since Jones has not met the savings clause requirements, his claims are not properly brought under section 2241, and this court lacks jurisdiction to consider his claims under section 2255.  In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

THUS DONE AND SIGNED in Chambers this 12th day of February, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE